48 F.3d 563
 310 U.S.App.D.C. 387
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Stephen Anthony SCALES, a/k/a Rodney Carter, Appellant.
 Nos. 94-3029, 94-3030, 94-3031, 94-3032.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 9, 1995.
 
 Before: GINSBURG, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the United States District Court for the District of Columbia and was briefed and argued by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that Scales' judgment of conviction from which this appeal was taken be affirmed. The evidence, viewed in the light most favorable to the government, is sufficient to support the jury's finding that Scales was guilty of each count on which he was convicted. It is
 
 
 3
 FURTHER ORDERED that the district court committed no error in refusing to decrease Scales' and Wilkins' sentences for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. Both Scales and Wilkins pled not guilty to the charges against them and admitted responsibility only after the government had presented all its evidence at trial. Under the Sentencing Guidelines, a court should normally deny a reduction for acceptance of responsibility to a defendant who denies the essential factual elements of guilt and puts the government to its burden of proof at trial. U.S.S.G. Sec. 3E1.1, Application Note 2; see United States v. Reid, 997 F.2d 1576, 1580 (D.C.Cir.1993), cert. denied, 114 S.Ct. 1105 (1994). It is
 
 
 4
 FURTHER ORDERED that the district court committed no error in increasing Scales' sentence for his role as an organizer in the criminal activity pursuant to U.S.S.G. Sec. 3B1.1(c). The evidence showed that Scales supplied the cocaine base that the other appellants sold, and the district court was entitled to adopt the recommendation of the presentence report in increasing Scales' offense level for his managerial role in the criminal activity. See United States v. Kelly, 36 F.3d 1118, 1129 (D.C.Cir.1994). It is
 
 
 5
 FURTHER ORDERED that appellants' sentences are vacated and the case is remanded for redetermination of appellants' base offense levels pursuant to U.S.S.G. Sec. 1B1.3. United States v. Saro, 24 F.3d 283, 288 (D.C.Cir.1994), and United States v. Anderson, 39 F.3d 331, 352-53 (D.C.Cir.1994), decided after sentencing in this case, hold that in order to attribute to a defendant the criminal conduct of another in calculating the defendant's base offense level under U.S.S.G. Sec. 1B1.3, a court must make individualized findings that such conduct 1) was reasonably foreseeable to the defendant and 2) was within the scope of the defendant's agreed-upon participation in the criminal undertaking. Without having the benefit of these decisions, the district court attributed to each appellant the total amount of cocaine base purchased by the undercover officer. The court did not make "specific, individualized findings regarding the quantity of [cocaine base] each appellant might have reasonably foreseen his ... agreed-upon participation would involve." Anderson, 39 F.3d at 353.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.